IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RODNEY JEROME MILES,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | NO. 5:24-cv-00135-TES-AGH |
| **MICHAEL GRAHAM,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER OF DISMISSAL

Plaintiff Rodney J. Miles, a prisoner in Central State Prison in Macon, Georgia, has filed a *pro se* 42 U.S.C. § 1983 Complaint. Compl., ECF No. 1. Plaintiff has also filed an account certification, which this Court construes as a motion for leave to proceed in this action *in forma pauperis*. Account Cert., ECF No. 5.

Plaintiff may not proceed *in forma pauperis*, however, because federal courts have dismissed at least three of Plaintiff's prior lawsuits for failing to state a claim, and, in the current Complaint, Plaintiff does not allege facts demonstrating that he is in imminent danger of serious physical injury. Therefore, the Court now **DENIES** Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** his Complaint **WITHOUT PREJUDICE**.

### MOTION TO PROCEED *IN FORMA PAUPERIS*

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that

> was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Under § 1915(g), a prisoner incurs a "strike" anytime a court dismisses the prisoner's federal lawsuit or appeal on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, a court may not grant him leave to proceed *in forma pauperis* unless the prisoner is under imminent danger of serious physical injury. *Id.*

Having reviewed court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database, the Court finds that Plaintiff has filed at least three federal lawsuits or appeals that federal courts have dismissed as frivolous or malicious or for failure to state a claim. *See* Order Adopting R. & R., *Miles v. Baldwin State Prison*, Case No. 3:22-cv-00185-DHB-BKE (S.D. Ga. Feb. 3, 2023), ECF No. 13 (dismissing complaint for failure to state a claim); Order Adopting R. & R., *Miles v. Jenkins Corr. Facility*, Case No. 6:22-cv-00069-JRH-BKE (S.D. Ga. Jan. 9, 2023), ECF No. 13 (same); Order Approving R. & R., *Miles v. Anthony*, Case No. 1:22-cv-03805-MHC (N.D. Ga. Oct. 26, 2022), ECF No. 4 (same). Accordingly, 28 U.S.C. § 1915(g) bars Plaintiff from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278,

279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). A court should only apply the exception to § 1915(g) in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is 'serious physical injury.'" *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In the current Complaint, Plaintiff asserts that Defendant Deputy Warden of Security Michael Graham lied about Plaintiff's sexual orientation. Compl. 5, ECF No. 1. Plaintiff also alleges that he wrote to the warden to complain that prison staff was not doing anything about inmates having sex with each other. *Id.* Finally, Plaintiff asserts that he has been sexually harassed and that officials have denied him the chance to participate in productive or beneficial activities while he has been in prison. *Id.*

These allegations are largely generic and conclusory. Notably, none of Plaintiff's allegations show that Plaintiff is in imminent danger of serious physical injury. Therefore, Plaintiff's Complaint does not fall within the exception to the three-strikes rule, and this Court now **DENIES** Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** his

Complaint **WITHOUT PREJUDICE**.[1]

**SO ORDERED**, this 3rd day of September, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit. Thus, the proper procedure when a court denies *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $405.00 filing fee. Thus, if Plaintiff wants the Court to consider his claims, he may file a new complaint and pay the full filing fee.